THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICENTE GUTIERREZ GUERRERO,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cr-00101-HCN-JCB-1<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

### INTRODUCTION[1]

At an October 18, 2024 hearing,[2] the court granted in part, denied in part, and took under advisement in part Defendant Vicente Gutierrez Guerreo's ("Mr. Guerrero") Motion to Compel Production of Discovery.[3] Specifically, the court took under advisement whether the United States must disclose to Mr. Guerrero's counsel the names of defendants who were allegedly connected to the same drug trafficking organization ("DTO") as Mr. Guerrero but were currently under indictment but had not yet been sentenced. For the reasons stated below, the United States is ordered to do so because, if convicted, that information is material to Mr. Guerrero's arguments regarding punishment.

---

[1] District Judge Howard C. Neilson, Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 26.

[2] ECF No. 42.

[3] ECF No. 36.

## BACKGROUND

In March 2024, the United States filed a complaint against Mr. Guerrero alleging three counts of possession of a controlled substances with intent to distribute.[4] Following his initial appearance on the complaint, a grand jury exercised its independent discretion and issued an indictment against Mr. Guerrero for those same crimes.[5] At his arraignment on the indictment, the court granted Mr. Guerrero's oral motion for discovery and the United States' oral motion for reciprocal discovery both under Fed. R. Crim. P. 16.[6] The court also ordered the United States to produce to Mr. Guerrero all exculpatory evidence under *Brady v. Maryland*[7] and its progeny.[8]

During the course of discovery, Mr. Guerrero sought from the United States "all reports" concerning others about which the United States was aware for distributing illegal narcotics for the DTO with which Mr. Guerrero is allegedly associated. Mr. Guerrero sought this information for two reasons: (1) at trial and at sentencing, if convicted, Mr. Guerrero will argue that he was forced to work for the DTO under duress, and he seeks evidence from others allegedly associated with the DTO that they were too; and (2) if convicted, Mr. Guerrero could argue at sentencing that, under the United States Sentencing Guidelines, he is a minor or minimal participant in the DTO's scheme to distribute illicit drugs.[9]

---

[4] ECF No. 1.
[5] ECF No. 17.
[6] ECF No. 20.
[7] 373 U.S. 83 (1963).
[8] ECF No. 21.
[9] ECF No. 36 at 3-5.

The United States refused to turn over "all reports" for these other cases, contending that they were not material to Mr. Guerrero's defense because, at best, the discovery request amounted to an unbounded fishing expedition, and, by definition, "fishing expeditions" are not material under either Rule 16 or *Brady*.[10] In any event, the United States contended Mr. Guerrero failed to carry his burden to establish a prima facie case of materiality.[11]

After Mr. Guerrero's reply,[12] the court held oral argument on Mr. Guerrero's motion at which Assistant United States Attorney Sirena Wissler represented the United States, and Assistant Federal Public Defender Benjamin Hamilton represented Mr. Guerrero.[13] During oral argument, the parties made progress resolving the issue without court intervention. For example, Mr. Guerrero was able to refine his request from seeking "all reports" for whoever the United States deemed part of the DTO to now requesting the names of the defendants and cases associated with the DTO that the United States Attorney's Office for the District of Utah has prosecuted. The United States acknowledged at oral argument that it is aware of those it has prosecuted or is currently prosecuting that are associated with the DTO even though the charging document for each defendant omits mention of that association. Consequently, the United States stipulated to providing the names and case numbers for those defendants associated with the DTO that have been prosecuted and sentenced. However, the United States stated that it would not turn over the names and case numbers for those defendants who are associated with the DTO

---

[10] ECF No. 38 at 3, 4, 6, and 16.

[11] *Id.* at 5.

[12] ECF No. 39.

[13] ECF No. 42.

that are currently being prosecuted but have not yet been sentenced. Accordingly, the court took this discrete issue under advisement.

As explained below, the court orders the United States to produce the names and case numbers of all members of the DTO that are currently being prosecuted because that information is material to mitigation of punishment if Mr. Guerrero is convicted. Therefore, the United States must provide this list to Mr. Guerrero's counsel within 14 days of this order.

ANALYSIS

I. THE NAMES AND CASE NUMBERS OF OTHER DTO MEMBERS CURRENTLY BEING PROSECUTED ARE MATERIAL TO THE MITIGATION OF PUNISHMENT.

The names and case numbers of defendants that the United States is currently prosecuting for engaging in crimes to further the object of the DTO at issue here are material to Mr. Guerrero's defense. Turning over "material" information to the defense is a requirement of both constitutional due process and Fed. R. Crim. P. 16(a)(1)(E). Constitutionally speaking, "[d]ue process requires the government to disclose 'evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment.'"[14] Fed. R. Crim. P. 16(a)(1)(E) further defines the aforementioned due process standard by requiring the United States to permit inspection of information "within the government's possession, custody, or control" that "is material to preparing the defense." "Evidence is 'material' if it would be helpful to the defense. In other words, there must be a strong indication that [the evidence] will play an important role

---

[14] *United States v. Muhtorov*, 20 F.4th 558, 623 (10th Cir. 2021) (quoting *Brady*, 373 U.S. at 87). The United States Supreme Court has added that the United States has an obligation to disclose "exculpatory" information even if the defendant does not request it. *United States v. Agurs*, 427 U.S. 97, 107 (1976).

in uncovering admissible evidence, aiding witness preparation, . . . or assisting impeachment or rebuttal."[15]

Although the United States must disclose material information that is exculpatory under *Brady* even if the defendant does not ask for such information,[16] under Rule 16, the defendant must not only ask for the information but also "bears the burden to make a prima facie showing of materiality in order to be successful. . . ."[17] The contours of a test for making this prima facie showing are not well-defined in case law, but courts commonly find that speculation as to either the existence of the evidence or whether it will be relevant to the claims or defenses at issue in the case is not enough to carry this prima facie burden of production.[18] Such is not the case here.

Mr. Guerrero has made a prima facie showing of materiality because there is no dispute the evidence exists and that such evidence is relevant to a legal issue that is likely to arise at sentencing. First, Mr. Guerrero is not asking the United States to produce information in hopes of finding some hypothetical DTO cohorts. No, the United States acknowledges that it is aware of other DTO operatives and has prosecuted or is actively prosecuting them. While acknowledging its awareness of other DTO participants in its prosecutorial efforts, the United States has not disclosed that association in any document to which Mr. Guerrero would have access on the

---

[15] *United States v. Cates*, 73 F.4th 795, 812 (10th Cir. 2023) (citations and quotations omitted).

[16] *Agurs*, 427 U.S. at 107.

[17] *Cates*, 73 F.4th at 812 (citations and quotations omitted).

[18] *United States v. Muhtorov*, 20 F.4th 558, 632 (10th Cir. 2021) (finding that defendant failed to make a prima facie showing of materiality where he speculated that "if" the government used "novel surveillance techniques" then that fact would be material to his case); *Cates*, 73 F.4th at 814-15 (finding that defendant failed to make a prima facie showing of materiality where defendant failed to raise a question about the reliability of a canine's certification).

court's docket. In other words, Mr. Guerrero cannot obtain this information from any source other than the United States. Thus, neither existence of other DTO members nor the United States' possession of that information is speculative.

Second, these other DTO operatives known only to the United States is legally relevant to a possible argument to mitigate punishment. United States Sentencing Guideline § 3B1.2 allows a court to reduce a defendant's offense score where that defendant plays either a mitigating or a minor role in the charge of conviction. Application Note 3(A) further defines the application of this mitigation role as follows:

> A defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the criminal activity may receive an adjustment under this guideline. For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline.[19]

Thus, the plain language of this Application Note contemplates applying minor or minimal participant status to a singular defendant charged with his/her singular drug-selling conduct.

The Court of Appeals for the Tenth Circuit has clearly shown that courts and counsel ignore this language at their own peril. In *United States v. Harfst*,[20] a defendant was convicted of possession of methamphetamine with intent to distribute after pleading conditionally and losing the appeal that was the condition on the guilty plea.[21] On a habeas petition, the defendant

---

[19] United States Sentencing Guideline § 3B1.2 Application Note 3(A).
[20] 168 F.3d 398 (10th Cir. 1999).
[21] *Id.* at 399.

asserted that his counsel was ineffective because, among other reasons, he was not a single participant in a single occurrence crime as his presentence report stated and which counsel did not contest. Instead, he "was only a one-time courier in a drug distribution scheme and, therefore, was a minor or minimal participant in the offense entitled to have his offense level decreased . . . ."[22]

    The district court rejected the defendant's argument on habeas review because, he "was charged and sentenced for the amount of drugs he personally carried"[23] and "[w]hen a courier is held accountable for only the amount [of drugs] he carried, he plays a significant rather than a minor role in that offense."[24] Although the Tenth Circuit agreed with the district court that a courier does not automatically receive minimal or minor participant reductions under the Guidelines, the court rejected the district court's conclusion "to the extent that it implies that defendant could not prove that he was a minimal or minor participant"[25] especially where "there was evidence of other participants and their role in the criminal activity."[26] The *Harfst* court then joined the Court of Appeals for the District of Columbia in requiring a district court at sentencing to consider "'the contours of the underlying scheme itself rather than the mere elements of the offense charged.'"[27] Because the defendant was eligible for consideration of minimal or minor participant status at sentencing, but his counsel failed to raise the issue, and the district court

---

[22] *Id.* at 400.

[23] *Id.* at 403 (quoting district court order).

[24] *Id.* (citations and quotations omitted).

[25] *Id.*

[26] *Id.* (citations and quotations omitted).

[27] *Id.* (quoting *United States v. Caballero*, 936 F.2d 1292, 1298-99 (D.C. Cir. 1991).

failed to consider it, the Tenth Circuit granted the defendant's request for habeas relief and remanded to the district court to develop the factual record as to whether the defendant was merely a smaller player in a larger scheme for resentencing.[28]

To be clear, this court is not citing *Harfst* for the proposition that Mr. Guerrero should receive any minor or minimal participant status at sentencing if he is convicted. Indeed, there are plausible arguments on both sides of that issue. However, what *Harfst* makes abundantly clear is that under circumstances such as Mr. Guerrero's, the district court must evaluate the contours of the DTO in which Mr. Guerrero and others known to the United States were allegedly participating. The court must consider the facts addressing Mr. Guerrero's relative role in the known DTO despite him being charged as a single participant in drug distribution. That the court must consider these facts means that they are legally relevant—and, therefore, "material"—to Mr. Guerrero's defense in terms of possibly mitigating punishment. Accordingly, the United States must disclose to Mr. Guerrero the names and case numbers of those other DTO members that the United States is currently prosecuting within 14 days so that Mr. Guerrero may prepare a defense on this issue.

### CONCLUSION AND ORDER

For the reasons stated above and on the record at the October hearing, Mr. Guerrero's motion[29] is GRANTED IN PART and DENIED IN PART.[30]

---

[28] *Id.* at 404.

[29] ECF No. 36.

[30] Two final thoughts. First, because the court finds that the minimal/minor participant issue is sufficient to grant the motion to compel in part, the court does not address the materiality of knowing other DTO members for purposes of the duress defense. Second, because the court

8

IT IS SO ORDERED.

DATED this 4th day of November 2024.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

finds the requested information "material" for purposes of Rule 16, the court declines to consider whether any constitutional implications exist under *Brady*. In other words, under the facts of this case *and this case only*, the requested information is "material" under Rule 16.